**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KEVIN JENNINGS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-CV-01085-DGK |

**ORDER DENYING IN FORMA PAUPERIS STATUS AND DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Kevin Jennings has filed this pro se civil action against Defendants United States of America, the U.S. Attorney General, and the Missouri Attorney General, challenging the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), and seeking injunctive relief overturning the decision, ECF No. 3. Plaintiff has also filed a motion for leave to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. For the reasons set forth below, the IFP motion is DENIED WITHOUT PREJUDICE, this case is DISMISSED WITHOUT PREJUDICE, and the motion for temporary restraining order is DENIED.

The process for determining whether Plaintiff should be granted leave to proceed in forma pauperis (that is, without payment of fees, costs, or security) consists of two steps. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); 28 U.S.C. § 1915. First, the Court must decide whether Plaintiff qualifies by economic status. 28 U.S.C. § 1915(a)(1). If Plaintiff does, then the Court must decide whether the action should nonetheless be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**I. The Court cannot determine whether Plaintiff qualifies by economic status.**

28 U.S.C. § 1915(a)(1) provides that the Court may authorize the commencement of a suit

without prepayment of fees or costs by a person who submits an affidavit showing that he is unable to pay such fees or costs. Plaintiff's IFP motion is defective because his affidavit is not signed. ECF No. 2. Although Plaintiff completed portions of the financial affidavit, he did not sign the declaration under penalty of perjury. Consequently, the Court cannot rely on the affidavit as a sworn statement of Plaintiff's financial circumstances and cannot determine whether Plaintiff qualifies by economic status to proceed in forma pauperis.

The same problem exists with Plaintiff's combined complaint and motion for temporary restraining order. ECF No. 3. Federal Rule of Civil Procedure 11(a) requires every pleading and written motion filed by an unrepresented party to be signed personally by that party. The Rule further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a); *Williams v. Welby*, No. 2:24-CV-00105-JSD, 2025 WL 385691, at *1 (E.D. Mo. Feb. 4, 2025). Because Plaintiff has not previously been notified of this defect, the Court declines to strike the filing on that basis at this time.

**II. Plaintiff fails to state a claim upon which relief may be granted.**

Even assuming for the sake of argument Plaintiff qualified by economic status and had submitted signed versions of his filings, the Court would then have to determine whether this action should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). When analyzing whether the complaint fails to state a claim, a pro se complaint, even "inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and "can only be dismissed if the plaintiff fails to allege sufficient facts to state a facially plausible claim to relief." *Rinehart v. Weitzell*, 964 F.3d 684, 687–88 (8th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a pro se complaint at this early stage,

"the complaint must be liberally construed," *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010), and the Court gives the complaint the benefit of every doubt, *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This standard, however, does not excuse pro se complaints from alleging "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *see Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (holding that pro se complaint fell "short of meeting even the liberal standard for notice pleading" where it was "entirely conclusory" and gave "no idea what acts the individual defendants were accused of that could result in liability"). "To determine whether a complaint states a facially plausible claim, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Rinehart*, 964 F.3d at 687–88. "The factual allegations must be sufficient to 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Here, Plaintiff's complaint consists almost entirely of legal conclusions and contains few, if any, factual allegations. Rather than alleging specific facts concerning conduct undertaken by any Defendant, Plaintiff purports to challenge the Supreme Court's decision in *Trump v. CASA,*

*Inc.* and asserts that various constitutional rights have been violated. But the Complaint primarily contains legal arguments regarding constitutional provisions and the scope of equitable relief available in federal court. The Complaint does not plausibly allege what actions any Defendant took, when those actions occurred, or how those actions injured Plaintiff. Even giving the Complaint the benefit of every doubt, Plaintiff has not pleaded sufficient factual content to permit the Court to draw a reasonable inference that any Defendant is liable for any misconduct. *See Iqbal*, 556 U.S. at 678–79. Consequently, Plaintiff fails to state a claim upon which relief may be granted, and this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

For these reasons, Plaintiff's motion for leave to proceed IFP (ECF No. 1) is DENIED WITHOUT PREJUDICE, and this case is DISMISSED WITHOUT PREJUDICE.

Because this case is being dismissed, Plaintiff's motion for temporary restraining order (ECF No. 3) is DENIED.

**IT IS SO ORDERED**.

Date: November 25, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT